IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**   ) | |
| ) | 1:13cr11 |
| v.                             ) | (1:16cv141) |
| ) | **Electronic Filing** |
| **MICHAEL JEROD MANNING**      ) | |

## MEMORANDUM ORDER

AND NOW, this 11th day of July, 2022, upon due consideration of defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 and the development of the record in conjunction therewith, IT IS ORDERED that [67] the motion be, and the same hereby is, denied.

The history of this case as it relates to defendant's motion is recounted below.  On February 12, 2013, a grand jury returned an indictment charging defendant with one count of felon in possession of a firearm in violation 18 U.S.C. § 922(g)(1).  He pled guilty to the charge on September 27, 2013.

A presentence investigation report was prepared by the United Probation Office.  Therein, defendant's base offense level under the United States Sentencing Guidelines was set using § 2K2.1(a).  Defendant received an increased base offense level based on his prior misdemeanor conviction for fleeing and eluding a police officer, which at the time qualified as a crime of violence.  That determination/specific offense assessment was based in part on the residual clause in U.S.S.G. § 4B1.2's definition of a "crime of violence."  It also was based in part on the then-binding decision in United States v. Jones, 740 F.3d 127, 137 (3d Cir. 2014), wherein the court held that "when intentional vehicular flight from law enforcement does not 'create[ ] an extraordinary danger,' but nonetheless falls under Pennsylvania's misdemeanor flight provision, we hold that such flight still categorically 'presents a serious potential risk of physical injury to another,' constituting a crime of violence under the sentencing guidelines." Id. (citing

In re R.C.Y., 27 A.3d 227, 230 (Pa. Super. Ct. 2011) and U.S.S.G. § 4B1.2(a)(2) (residual clause)). Defendant's resulting guidelines range was 92 to 115 months. On February 10, 2014, this member of the court varied from the Guidelines and sentenced defendant to 80 months of incarceration and 3 years of supervised release.

Defendant's § 2255 motion initially was filed on June 13, 2016. He seeks relief on the ground that the residual clause of § 4B1.2 is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015), and therefore his sentence is no longer valid. The Supreme Court subsequently held that Johnson announced a new substantive rule which is to be given retroactive effect in cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). As a result, cases filed within one year of Johnson were deemed to be timely filed in accordance with 28 U.S.C. § 2255(f)(3).[1]

Notwithstanding the Supreme Court's holdings in Johnson and Welsh, defendant is not entitled to relief and his sentence remains valid. Johnson held that an identical residual clause defining a "violent felony" under the Armed Career Criminal Act ("ACCA") was void for

---

[1] A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2

vagueness and violated the Due Process Clause.  Defendant's constitutional challenge arises under the advisory Guidelines.[2]

A challenge to the residual clause in the Guidelines made its way to the Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017).   There, the defendant had been sentenced as career offender under the advisory Guidelines.  Id. at 890.  The Court directly held that "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."  Id. at 894.  Consequently, "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and [] § 4B1.2(a)'s residual clause is not void for vagueness."  Id. at 895.  The Court limited its holding to the advisory Guidelines and by implication left open and did not decide whether the right recognized in Johnson applies to the sentences handed down under the mandatory Guidelines.  Id. at 890, 903 n.4 (Thomas, J.; Sotomayor, J. concurring).

In United States v. Green, the United States Court of Appeals for the Third Circuit considered whether a § 2255 motion filed within one year of the Court's decision in Johnson presented a timely filed motion pursuant to 28 U.S.C. § 2255(f)(3).  898 F.3d 315 (3d Cir. 2018).  There, the defendant had been sentenced as a career offender under the then-mandatory Guidelines.  His status as a career offender was based in part on the residual clause in § 4B1.2's definition of a crime of violence.  Id. at 316-17.   He contended that because the residual clauses in the ACCA and the mandatory Guidelines were identical, applying Johnson's holding to the mandatory Guidelines was nothing more than a natural extension of the principles leading to the invalidation of the clause under the ACCA.  Id. at 320.  And from his perspective the Supreme

---

[2]  The United States Sentencing Guidelines were mandatory and treated as binding until the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005), that such an approach could not stand consistent with the Sixth Amendment to the United States Constitution.  As a remedy the Court held that the guidelines are to be treated as advisory.  Id.

3

Court already had recognized the application of those principles to the mandatory Guidelines by limiting its holding in Beckles to the advisory Guidelines. Id. at 320-21.

In Green, the government countered "that if [the] question has been expressly left open by the Supreme Court [in Beckles], by definition it has not been 'recognized by the Supreme Court.'" Id. at 321. And because the right has not been recognized, the government maintained that the one-year limitations period for a § 2255 motion seeking to challenge the residual clause used during the mandatory guidelines regime had not been restarted by Johnson. Id.

After considering the import of both Johnson and Beckles, the court in Green opined:

> Johnson's holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines. The Supreme Court in Johnson recognized a right to not be sentenced under a statute that "fixed—in an impermissibly vague way—a higher range of sentences for certain defendants." Beckles, 137 S. Ct. at 892. It [said] nothing about a parallel right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory.

Green, 898 F.3d at 831. And because the Supreme Court has not recognized the right to challenge the residual clause in the Guideline's definition of a crime of violence for vagueness, Green could not rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period. In other words, "Green's motion [was] untimely in light of the plain language of 28 U.S.C. § 2255(f)(3) and the Supreme Court's indication in Beckles that it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges." Id. at 322-23.

The holding in Green is binding on this court.[3] As a result, defendant/movant's pending § 2255 motion must be denied as untimely filed. Defendant was sentenced on February 10, 2014. He appealed and challenged his sentence based on his fleeing and eluding conviction being

---

[3] The Third Circuit has denied rehearing and rehearing *en banc* in Green. The Supreme Court has declined to hear the case pursuant to a petition for writ of certiorari.

designated as a crime of violence. The Third Circuit summarily affirmed his conviction and sentence on August 20, 2014. Defendant did not seek further review. The one-year limitations period to file a § 2255 motion expired long ago. Johnson did not restart that limitations period. Consequently, defendant's motion properly has been denied because it was filed in an untimely manner.

Defendant's motion is meritless for a second and equally compelling reason. A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that a claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id.; accord United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where §

2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

It is well settled that the first question to be resolved in assessing a § 2255 motion is whether the movant has alleged "an error sufficiently fundamental to come within the narrow limits of § 2255 [thus] making the conviction vulnerable to attack," United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)); and a corollary is that non-fundamental errors which are not raised on direct appeal where there was an opportunity to do so are waived.  United States v. Essig, 10 F.3d 968, 976-77 & n.25 (3d Cir. 1993; Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.), cert. denied, 517 U.S. 1200 (1996) (claims which do not amount to serous defects meriting relief outside the normal appellate process are waived).

"Habeas corpus has long been available to attack convictions and sentences entered . . . without jurisdiction [and more recently has been] expanded to encompass claims of constitutional error as well."  United States v. Addonizio, 422 U.S. 178, 185 (1979).  In addition to presenting a claim falling within these limited substantive areas, significant procedural restrictions have been imposed in conjunction with claims for collateral relief that were not raised on direct appeal.  Bousley v. United States, 523 U.S. 614, 621-22 (1998).  As to alleged errors which are "based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 167-68 (1982).

Where review of a conviction or sentence is sought based only on an error of law, "the scope of collateral attack has remained far more limited."  Stone v. Powell, 428 U.S. 465, 477 & n.10 (1976); see also Reed v. Farley, 512 U.S. 339, 354 (1994) (citing Davis v. United States,

417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)). In such circumstances 'habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" Reed, 512 U.S. at 348 (quoting Hill, 368 U.S. at 428); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) ("nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process").

The United States Court of Appeals for the Third Circuit recently considered whether a defendant's incorrect designation as a career offender under United States Sentencing Guidelines falls within the narrow scope of relief available for errors of law under § 2255. In United States v. Folk, 954 F.3d 597 (3d Cir. 2020), the court followed the general consensus of the other courts of appeals and held that an incorrect career-offender enhancement under the advisory Guidelines is not cognizable under § 2255 because it is neither a procedural error that qualifies as "an omission inconsistent with the rudimentary demands of fair procedure" nor "a fundamental defect that inherently results in a complete miscarriage of justice." Id. at 604.

Here, the determination of defendant's guidelines sentencing range was based in part on the use of a prior conviction for fleeing and eluding that would not qualify as a crime of violence under § 2K2.1(a) today. His resulting guidelines thus would be 77 to 96 as compared the 92 to 115 month range that was utilized on the date of sentencing. And the relief defendant seeks is to be resentenced under today's guidelines range. But the decision in Folk makes unequivocally clear that errors of this nature are not within the scope of relief afforded through § 2255. In other words, an incorrect base offense level determination under U.S.S.G. § 2K2.1(a) under the

advisory Guidelines is "not cognizable under § 2255" because it is neither a procedural error that qualifies as "an omission inconsistent with the rudimentary demands of fair procedure" nor "a fundamental defect that inherently results in a complete miscarriage of justice." <u>Folk</u>, 954 F.3d at 604.  Consequently, defendant's motion properly has been denied for this reason as well.

                                                      <u>s/David Stewart Cercone</u>
                                                      David Stewart Cercone
                                                      Senior United States District Judge

cc:       Christian Trabold, AUSA
           Alisa Long, AFPD
           Renee Pietropaolo, AFPD

           (*Via CM/ECF Electronic Mail*)

           Michael Manning
           519 East 23rd Street
           Erie, PA 16503

           (*Via United States Postal Service Mail*)